This pro se case comes before the court, without oral argument, on the parties’ cross-motions for summary judgment. Plaintiff, an electronics engineer, was employed by the Federal Aviation Administration (FAA) at the Oklahoma City Flight Inspection Field Office (FIFO), Flight Standards National Field Office (FSNFO), to test and monitor flight equipment necessary for safe aircraft navigation. Plaintiff claims that because of continuous work performed by him between 11:00 a.m. and 1:00 p.m. on seventy-seven different days over the period from May 6, 1974 through April 13, 1977, he is entitled to overtime compensation for one-half hour on each of those days under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 ff.[1] It is apparent, however, from the whole record that plaintiff *700 took a thirty-minute duty-free break sometime during his 8:00 a.m. to 4:30 p.m. tour of duty on each of these days, though it may not have been during the time frame from 11:00 a.m. to 1:00 p.m. This fact, in our view, forecloses plaintiffs claim for overtime compensation.
There is no requirement under the FLSA that an agency establish regular lunch-breaks for its employees, nor that the timing of any such breaks be regularly scheduled, if established. Here, the agency determined that a specific duty-free period for persons in plaintiffs position could not be scheduled because of the nature of the duties. As indicated by the local FIFO manager, delayed departures, weather, mechanical problems, traffic saturation, operating range, time, type and size of aircraft were all factors precluding regularly scheduled breaks. These are the very "operating considerations” and "shift requirements” which the FAA personnel manual exempts from otherwise required "reasonable” lunch periods. Ch. 7, § 3600.3, Para. 26(a). Moreover, the Civil Service Commission regulations implementing the FLSA and the Federal Employee Pay Act, 5 U.S.C. § 5542, do not require that any lunch-break be established or, if established, that it be regular. All that is required under either Act or under the regulations, in order to avoid payment of overtime, is that a duty-free period for employees be provided sometime during the normal duty-tour. Because plaintiff was able to take a duty-free break sometime during each of the disputed work days, we hold that plaintiff is not entitled to overtime pay simply because that break did not occur between 11:00 and 1:00. Cf. Baylor v. United States, 198 Ct. Cl. 331 (1972); Bowling v. United States, 181 Ct. Cl. 968 (1967); Bantom v. United States, 165 Ct. Cl. 312, 320, cert. denied, 379 U.S. 890 (1964) (holding uncompensable, under comparable provisions of the Federal Employee Pay Act, duty-free lunch breaks made available by the employer, even though not regularly scheduled and even though employee subject to emergency call during that time).
IT ' IS THEREFORE • ORDERED AND CONCLUDED that defendant’s motion for summary judgment is granted,' plaintiffs motion is denied, and the petition is dismissed.
Plaintiffs motion for rehearing denied September 29, 1978.

 Defendant does not contest that the Fair Labor Standards Act applies, with respect to the claimed overtime, to plaintiffs position during the period involved in this case.